IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| First-Citizens Bank & Trust Company, a North Carolina chartered commercial bank, as successor in interest to Temecula Valley Bank, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15 cv 07485 |
| v. | ) ) | |
| Cynthia J. Vogt a/k/a Cynthia Vogt, an individual, Clarence B. Vogt, an individual, Vogt Enterprises, Inc., an Illinois corporation, Smart Bros. Inc., an Illinois corporation, and Dearborn Wholesale Grocers, L.P., an Illinois limited partnership, | ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) | |

**FIRST-CITIZENS BANK & TRUST COMPANY'S MOTION FOR
ENTRY OF A JUDGMENT OF FORECLOSURE AND OTHER RELIEF**

Now comes the Plaintiff, First-Citizens Bank & Trust Company, a North Carolina chartered commercial bank, as successor in interest to Temecula Valley Bank ("First-Citizens"), by and through its attorneys, and respectfully moves this Court to enter a Judgment of Foreclosure as to those defendants who have defaulted, as well as to make a determination that the interest, if any, of the non-defaulting defendant is subordinate to the valid and perfected first mortgage of First-Citizens. In support of the Motion, First-Citizens states as follows:

**PROCEDURAL BACKGROUND**

1.  On August 26, 2015, First-Citizens filed its Complaint to Foreclose Mortgage and for Other Relief (the "Complaint") in the above-captioned case, naming as Defendants Cynthia J. Vogt ("Ms. Vogt"), Clarence B. Vogt ("Mr. Vogt"), Vogt Enterprises, Inc., Smart Bros. Inc. ("Smart Bros."), and Dearborn Wholesale Grocers L.P. ("Dearborn").

1

2. Among other things, the Complaint sought to foreclose First-Citizens' mortgage on real property commonly known as 3201 North Lewis Avenue, Waukegan, Illinois (the "Real Property") and legally described in the Complaint.

3. On November 6, 2015, this Court entered an order of default and a default judgment in favor of First-Citizens and against defendant Dearborn.

4. On February 2, 2016, this Court entered orders of default and default judgments in favor of First-Citizens and against defendants Ms. Vogt, Mr. Vogt and Vogt Enterprises, Inc., jointly and severally, including, without limitation, a judgment in the amount of $1,374,579.73 plus post-judgment interest as allowed under Illinois law.

5. No motion is pending, nor has any ever been filed, seeking to vacate the default judgments referenced in the preceding two paragraphs.

6. The only remaining defendant, Smart Bros., filed an Answer to the Complaint in which it did not contest the validity, priority or amount of First-Citizens' mortgage, but suggested it may have tenancy interest in the Real Property. However, the purported lease instrument attached to Smart Bros.' Answer is an unexecuted document. Further, Smart Bros. has vacated the Premises for over one year and is not occupying the Property thereby abandoning any interest. Finally, First-Citizens' mortgage pre-dates any asserted interest of Smart Bros. Lastly, a title search shows no recorded lease or memorandum of lease by Smart Bros. (or anyone else for that matter).

### FORECLOSURE AS TO CERTAIN DEFENDANTS

7. The allegations of the Complaint, which speak for themselves, set forth all elements necessary and sufficient for a decree of foreclosure pursuant to the Illinois' Mortgage Foreclosure Act. *See*, 735 ILCS 5/15-1504. Accordingly, by reason of default by Defendants

Ms. Vogt, Mr. Vogt, Vogt Enterprises, Inc. and Dearborn, First-Citizens is entitled to a decree of foreclosure against those defendants. A proposed Draft Order is attached as Exhibit A.

### CERTAIN RELIEF AS TO SMART BROS.

8. On January 19, 2016, this Court entered an Order appointing Moglia Advisors as Receiver herein.

9. Roughly concurrently with the instant Motion by First-Citizens, the Receiver has filed a motion ("Sale Motion") for authority to sell the Real Property to a successful bidder pursuant to previously authorized bid procedures. The Sale Motion speaks for itself, and First-Citizens strongly supports it.

10. The Receiver's Motion, among other things, seeks to convey title to the Real Property free and clear of liens, claims and encumbrances with all liens, claims and encumbrances instead attaching to the proceeds of sale with the same priority and validity as they had with respect to the Real Property. The Receiver's motion for authority to sell the Real Property also specifically requests authority to pay to First-Citizens the proceeds of the sale of the Real Property after allowed expenses and satisfaction of any real estate taxes prorated to the date of sale.

11. In order to facilitate that relief requested by the Receiver in the Sale Motion, First-Citizens respectfully requests a determination (finding of fact/conclusion of law) that the interest, if any, of Smart Bros. in the Real Property is subordinate to the valid, perfected first mortgage of First-Citizens.

**WHEREFORE**, Plaintiff First-Citizens prays that this Court: (A) enter the Judgment of Foreclosure against Defendants Ms. Vogt, Mr. Vogt, Vogt Enterprises and Dearborn, as well as determining that Smart Bros.' interest, if any, in the Real Property is subordinate to the valid and

perfected mortgage of First-Citizens attached hereto, and (B) enter such other and further relief as this Court deems just and appropriate.

                                              Respectfully submitted,

                                              FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina chartered commercial bank, as successor in interest to Temecula Valley Bank

                                              By: */s/ John Collen*
                                                  One of its Attorneys

John Collen, ARDC No. 03127874
William S. Hackney, ARDC No. 06256042
SmithAmundsen LLC
150 North Michigan Ave.; Suite 3300
Chicago, Illinois 60601
Telephone: 312.894.3200
jcollen@salawus.com
whackney@salawus.com

Dated: October 12, 2017